IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA – HAMMOND

| | | |
|---|---|---|
| IN RE: | ) | Case No.:  05-67516-jpk |
| | ) | |
| BARRY G. RADCLIFFE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge: J. P. KLINGEBERGER |
| ***********************************) | | |
| BARRY G. RADCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No.: _____ |
| | ) | |
| INTERNATIONAL PAINTERS AND | ) | |
| ALLIED TRADES INDUSTRY PENSION | ) | |
| FUND, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO ENFORCE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362

Plaintiff, Barry G. Radcliffe, the debtor in the above referenced bankruptcy proceeding, files this Complaint to Enforce Automatic Stay Under 11 U.S.C. § 362 (the "Complaint"), and in support thereof respectfully represents to the Court as follows:

### I. JURISDICTION

1.    This court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 362 since this is a proceeding to enforce the provisions of the Automatic Stay and this action arises in and relates to the chapter 7 bankruptcy case, *In Re Barry G. Radcliffe*, Case No. 05-67516.

### II.  VENUE

2.    Venue is proper in this district under 28 U.S.C. § 1409(a).

## III. PARTIES

3.      The Plaintiff (also referred to as "Plaintiff-Debtor"), resides at 700 Clover Lane, Crown Point, Indiana.

4.      Defendant, International Painters and Allied Trades Industry Pension Fund, is a trust fund ("Fund") or "multiemployer plan" and "employee benefit [pension] plan" under various sections of the United States Code, with its principal place of business and is administered from an office located at 1750 New York Avenue, N.W., Washington, DC 20006.

5.      Gary J. Meyers is Fund Administrator of Defendant herein and is with sufficient authority to act as a representative of the Fund in this matter.

## IV. STATEMENT OF FACTS

6.      On December 28, 2004, Defendant herein filed a Complaint against Barry G. Radcliffe, Plaintiff-Debtor herein, and various co-defendants of the Plaintiff-Debtor, in the United States District Court for the District of Columbia, under Case No. 1:04CV02247.

7.      The allegations made in the above-referenced Complaint involved, *inter alia*, that Plaintiff-Debtor (and his co-defendants) failed to pay to the Fund amounts due under collective bargaining agreements or labor contracts, trust agreements, and pension plans.

8.      On or about April 28, 2005, a judgment by default was entered in the above matter in favor of Defendant herein, and against Plaintiff-Debtor herein, and his co-defendants, in the amount of $74,946.47.

9.      Plaintiff-Debtor filed his application with the Defendant for pension benefits.

10.     On September 29, 2005, Plaintiff-Debtor received a retirement package sent to him by Defendant summarizing pension benefit alternatives.

11.     On October 13, 2005, Debtor filed a petition for relief under chapter 7 of the United States Bankruptcy Court Northern District of Indiana, _In Re Barry G. Radcliffe_, Case No. 05-67516.  The automatic stay afforded debtors pursuant to 11 U.S.C. 362 went into effect on that date.

12.     Defendant was listed as a creditor on Debtor's Schedule E – Creditors Holding Unsecured Priority Claims and on the creditor matrix filed therein.

13.     On November 2, 2005, Defendant, by its representative Gary J. Meyers Fund Administrator, sent Plaintiff-Debtor correspondence indicating that:

> A.      Defendant approved payment of Plaintiff-Debtor's pension in the amount of $2,473.00 per month, effective September 1, 2005;
>
> B.      Because Plaintiff-Debtor has an outstanding personal debt to the Pension Fund as a result of the judgment by default against him, Defendant will be offsetting the debt to the Fund with Plaintiff-Debtor's monthly pension benefits;
>
> C.      This was an initial determination that may be appealed within sixty (60) days thereof, or it will become final and binding;
>
> D.      Defendant received notice of Plaintiff-Debtor's chapter 7 bankruptcy petition filed on October 13, 2005.

See, letter dated November 2, 2005, from Defendant to Plaintiff-Debtor attached hereto and made a part hereof as Exhibit "A".

14.     On November 3, 2005, debtor sent Defendant, in care of Gary J. Meyers, Fund Administrator, correspondence confirming that he and Plaintiff-Debtor spoke

telephonically and Defendant had knowledge of Plaintiff-Debtor's bankruptcy.  <u>See</u>, letter dated November 3, 2005, from Plaintiff-Debtor to Defendant attached hereto and made a part hereof as Exhibit "B".

15.     On November 11, 2005, counsel for Plaintiff-Debtor, Danette Garza, responded to Defendant's letter of November 2, 2005, advising therein of Plaintiff-Debtor's bankruptcy petition, Defendant's violation of the automatic stay therein, and the intent to file this Complaint.  <u>See</u>, letter dated November 11, 2005, from Danette Garza of Casale, Woodward & Buls, LLP, to Defendant attached hereto and made a part hereof as Exhibit "C".

16.     To date, Plaintiff-Debtor has not received any monies from the approved payment of his pension in the amount of $2,473.00 per month, and Defendant continues to withhold payment of his pension to him in violation of the automatic stay.

17.     Defendant's actions in violating the automatic stay are willful.

18.     Plaintiff-Debtor has been damaged in the amount of $9,892.00, interest thereon, costs and attorney fees for bringing this action, and will continue to suffer damages and attorney fees from Defendants' actions.

### V. COUNT I – VIOLATION OF AUTOMATIC STAY 11 U.S.C. § 362

19-37.  Plaintiff-Debtor reasserts Paragraphs 1 through 18 by reference as if specifically set forth herein.

38.     Defendant is knowingly violating the automatic stay provisions of 11 U.S.C. § 362 by offsetting Plaintiff-Debtor's pre-petition debt to the Fund with Plaintiff-Debtor's monthly pension benefits all with knowledge of Plaintiff-Debtor's bankruptcy petition and the automatic stay in effect therefrom.

39.     Defendant's actions are willful.

40.     Pursuant to 11 U.S.C. § 362(h), Defendant is liable to Plaintiff-Debtor for damages, including punitive damages.

41.     Pursuant to 11 U.S.C. § 105(a) this Court may issue an order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.


## VI. REQUESTED RELIEF


WHEREFORE, Plaintiff-Debtor respectfully requests that this Court:

a.      Enjoin Defendant from any further garnishment, seizure, offset, or exercise of any control over the pension payments of Plaintiff-Debtor as they relate to any and all pre-petition debts, including but not limited to Defendant's judgment by default against him;

b.      Order Defendant to immediately pay Plaintiff-Debtor the monies due him under his approved pension payments from the Fund as of September 1, 2005, together with interest from said payment dates;

c.      Order Defendant to pay Plaintiff-Debtor all costs, attorney fees, and related expenses resulting from Defendant's actions, in violating the automatic stay provision of 11 U.S.C. § 362, including but not limited to those incurred in bringing this action;

d.      Punitive damages resulting from Defendants' willful conduct in violation of the automatic stay pursuant to 11 U.S.C. § 362.

e.    Grant Plaintiff-Debtor, such other and further relief to which he may be justly entitled.

Respectfully Submitted,
CASALE, WOODWARD & BULS, LLP
Attorney for Barry G. Radcliffe


By:/s/ David M. Blaskovich
        David M. Blaskovich  19757-45
        9223 Broadway, Suite A
        Merrillville, Indiana 46410
        (219) 736-9990