

International Painters and Allied Trades **Industry Pension Fund**

OFFICE OF GARY J. MEYERS, FUND ADMINISTRATOR     202 | 783 | 4884     FAX 202 | 393 | 6475

UNITED UNIONS BUILDING • 1750 NEW YORK AVENUE, N.W. • SUITE 501 • WASHINGTON, DC 20006-5301

November 2, 2005

Barry G. Radcliffe
700 Clover Lane
Crown Point, IN   46307

>    **RE:    SSN: 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**
>    **Application No.: 38174**

Dear Mr. Radcliffe:

We have approved payment of your pension in the amount of $ 2,473.00 per month, effective September 1, 2005.  However, the Pension Fund records reflect that a judgment was entered in the United States District Court for the District of Columbia on April 28, 2005 against you, individually, as well as against Glass Service, Inc. and Roger Duszynski, Sr. in the case of *International Painters and Allied Trades Industry Pension Fund v. Glass Service, Inc., Barry G. Radcliffe and Roger Duszynski, Sr.* (Case No. 1:04-CV-2247; registered N.D. Ind. August 31, 2005 (No. 2:05MC0016)).  Judgment was entered for $74,946.47 stemming from failure to pay pension and annuity contributions to the Pension Plan and the Annuity Plan, as required under the labor contract between Glass Service and the union. The full amount of the judgment remains outstanding and uncollected as of this date.  The portion of the judgment owed to the Pension Fund is $53,811.57.

As you have an outstanding personal debt to the Pension Fund, your monthly pension benefits will be offset against your debt to the Pension Fund until such time as the judgment has been satisfied or you reach the age of 65. The offset of debts due the Fund is allowed by Section 7.30(c) of the Pension Plan document and applicable case law. See, e.g., *Coar v. Kazimir*, 990 F.2d 1413 (3d Cir. 1993). As the debt exceeds the amount of your monthly benefit, you will not receive any actual payment.  However, as the money is being applied directly for your benefit to reduce your indebtedness, the Pension Fund will report the pension payments that are offset to pay the judgment and the payments will be treated by the IRS as a pension benefit paid to you.

This is an initial determination by the Pension Plan concerning an offset of amounts you owe the Pension Plan and Annuity Plan against benefits due you.  If you or any interested party disagree with this determination you or any interested party may file an appeal to the Trustees at the Plan Office, 1750 New York Avenue, N.W., Washington, DC 20006. The appeal must be filed within 60 days of the date of this letter and should set forth reasons why you contend the Plans determinations are not permissible, including any documentation substantiating your claim. A claimant or his representative has the right to review the files of the Plan in connection with preparation of an appeal and to submit comments concerning the appeal. **This decision will become final and binding in the absence of a timely appeal.**



EXHIBIT

A

November 2, 2005
Page Two


We have received notice that you filed a Chapter 7 bankruptcy petition on October 13, 2005. We believe that pension assets are not property of the bankruptcy estate under the bankruptcy law. As a result, the offset of your pension benefits should not be affected by the bankruptcy. If you or your bankruptcy counsel believes otherwise, let us know and we will re-examine this issue.


Sincerely yours,

GARY J. MEYERS
Fund Administrator

GJM:jlw

cc:     David M. Blaskovich, Esq.
        Kenneth A. Manning, Chapter 7 Trustee

November 3, 2005

Mr. Gary J. Meyers, Fund Administrator
International Painters and Allied Trades Industry Pension Fund
1750 New York, N.Y., Suite 501
Washington, D.C. 20006-5301

Re: Glass Service, Inc.

Dear Mr. Meyers,

I am writing to you in an effort to confirm our recent telephone conversation. I initially received your retirement package dated September 29, 2005 which summarized my pension benefit alternatives. In fact, my wife, Mary Ellen has already begun to receive her benefits. It is also my understanding that my employees have received full credit for all hours that they were employed by Glass Service, Inc.

Based on our recent telephone conversation, it is my understanding that you now intend to withhold my pension plan benefits to offset unpaid dues incurred by my now defunct corporation, Glass Service, Inc. During our conversation I got the distinct impression that you are enraged with me because my company failed. I have successfully operated a business in this industry for over 23 years and have always made every effort to promptly pay my employees and associated union dues when due and owing. For years I have been totally loyal to the union and actively participated in promoting it to others. During the last year, I have utilized all of my personal reserves to insure that my employees were paid even though the company had no money. I did everything I could to keep my company afloat. I basically have nothing left. I don't know how my wife and I will make it without the pension benefits.

I resent the fact that you act as if I wanted to go bankrupt or as if I intentionally did something improper to cause this. The fact is, my company failed because I made a couple of unintentional errors in judgment. During my recent illness, I made a mistake in bidding a large job incorrectly. I also trusted the wrong long term trusted employee to take over in my absence. I was appalled to find out that he not only turned out to be incompetent but he was also financially irresponsible and dishonest. As you have been recently notified, I have filed a Chapter 7 bankruptcy. I am not going bankrupt because I relish the experience.

I would very much appreciate an immediate written response to this inquiry and my request for the pension benefits that I believe I am entitled to. If I do not hear from you within seven days of the date of this correspondence, I will assume that my understanding of your denial of my pension benefits is correct.

Sincerely yours,

Barry G. Radcliffe

EXHIBIT

B

ATTORNEYS AT LAW

# CASALE, WOODWARD & BULS, LLP

9223 BROADWAY - SUITE A  ·  CAMBRIDGE COMMONS  ·  MERRILLVILLE, IN 46410  ·  TELEPHONE: 219-736-9990  ·  FAX: 219-736-9991
417 S. DEARBORN STREET - SUITE 1000  ·  CHICAGO, ILLINOIS 60605  ·  TELEPHONE: 312-663-0901  ·  FAX: 312-663-0991
1205 S. HALLECK STREET  ·  DEMOTTE, IN 46310  ·  TELEPHONE: 219-987-7770
E-MAIL: thefirm@cwblawfirm.com

LOUIS M. CASALE
DAVID E. WOODWARD
DAVID A. BULS
R. BRIAN WOODWARD
DAVID M. BLASKOVICH*
DAVID W. MASSE
MARK A. GOODRICH
DANETTE GARZA
*LICENSED IN INDIANA & ILLINOIS

LEGAL ASSISTANTS
DEBRA L. KOZLOWSKI
ANGELA M. OGRENTZ
CAROL E. BERWANGER
PAMELA R. MILLER
KAREN SHANAHAN
MICHELLE L. POLING

FINANCIAL COORDINATOR
CHRISTY DUERR

November 11, 2005

Mr. Gary J. Meyers
International Painters and Allied Trades Industry Pension Fund
1750 New York Avenue, N.W., Suite 501
Washington, D.C., 20006-5301

Re:   Mr. Barry Radcliffe, SSN: 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
      Application No: 38174

Dear Mr. Meyers,

Please be advised that I have reviewed your correspondence to Barry G. Radcliffe dated November 2, 2005. I do agree and acknowledge that a default judgment was entered against the corporation and Barry Radcliffe personally. However, Mr. Radcliffe has filed for personal bankruptcy under Chapter 7 of the Bankruptcy Code. I fail to understand how you are entitled to collect on a pre-petition debt in violation of the automatic stay that is now in effect.

Unless you can provide an applicable statute, case law or other basis for your actions, I fully intend to file a complaint with the Bankruptcy Court to address this violation.

I will look forward to your response. If you have any questions, please do not hesitate to contact me.

Sincerely yours,

Danette Garza, J.D., M.B.A., C.P.A.

cc:   Barry Radcliffe
      David M. Blaskovich



EXHIBIT
C

Bankruptcy · Business Litigation · Civil Rights · Creditors Rights · Condemnation · Construction · Corporate · Criminal Defense
Estate Planning · Government Law · Healthcare · Insurance Law · Labor & Employment · Medical Malpractice
Personal Injury · Products Liability · Real Estate · Worker's Compensation